**ROBERT B. PONZIANO, ESQUIRE**  **Attorney for Plaintiffs**
**Attorney I.D. #47627**  **Thomas and Sandra Hopkins**
**One Greenwood Square**
**Suite 140**
**Bensalem, PA 19020**
**(215) 245-3501**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS AND SANDRA HOPKINS h/w** : <br> **2453 ELDON AVENUE** : <br> **DREXEL HILL PA 19026** : <br> : <br> vs. : <br> : <br> **HARTFORD FIRE INSURANCE COMPANY** : <br> **HARTFORD PLAZA** : <br> **HARTFORD CT 06115** : | <br><br><br><br>**JURY TRIAL DEMANDED**<br>**CIVIL ACTION**<br><br><br><br><br>NO. |

### COMPLAINT

Thomas and Sandra Hopkins, plaintiffs submits the following cause of Complaint and aver as follows:

### PARTIES AND JURISDICTION

1. Plaintiffs, Thomas and Sandra Hopkins h/w are individuals residing at the address set forth above

2. Defendant, Hartford Fire Insurance Company (hereinafter designated Hartford), is a corporation incorporated in Connecticut duly organized and existing which is licensed to issue polices of insurance in the Commonwealth of Pennsylvania and maintains its principle place of business at the address set forth above.

3. Defendant, Hartford, in its regular course of business issued to plaintiffs a Homeowners policy of insurance # 44-RB 568868 covering plaintiffs' property located at 47 Hickory Hill Road, White Haven, Pa 18661. (See declaration page attached as exhibit "A").

4. This court has jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. 1332.

## COMMON ALLEGATIONS

5. On or about August 9, 2001, while said policy of insurance was in full force and effect, plaintiffs suffered direct physical loss to the insured premises, due to fire resulting in damage to the insured premises including building, personal property and loss of use. (See estimates of damage for building and content attached as exhibit "B").

6. Notice of this covered loss was given to the defendant in a prompt and timely manner and plaintiffs have done and otherwise performed all things required of plaintiffs under the policy of insurance issued by defendant.

7. Defendant, despite demand for full benefits under its policy of insurance, has failed and refused to pay to plaintiffs the full amount of benefits due and owing under said policy of insurance. (See denial letter dated May 10, 2002 attached as exhibit "C").

8. Solely as a result of defendant's failure and refusal to pay benefits to plaintiffs as required under the aforesaid policy of insurance, plaintiffs have suffered loss and damage in an amount in excess of $100,000.00.

## COUNT I
## BREACH OF CONTRACT

9. Plaintiffs incorporate by reference herein the facts and allegations contained in paragraphs one (1) through eight (8), inclusive, set forth above, as fully as though same were here set forth at length.

10. Defendant, Hartford, breached its contractual obligation to pay full benefits to plaintiffs for said loss covered under defendant's policy of insurance.

**WHEREFORE,** plaintiffs demand judgment against defendant in an amount in excess of $100,000.00 together with interest costs, counsel fees and damages for delay.

## COUNT II
## BAD FAITH

11. Plaintiffs incorporate by reference herein the facts and allegations contained in paragraphs one (1) through ten (10), inclusive, set forth above, as fully as though same were here set forth at length.

12. Defendant has engaged in bad faith conduct toward plaintiffs with respect to its refusal to fully cover the plaintiffs' loss in violation of the 42 Pa.C.S.A. § 8371 et. seq.

13. In furtherance of its bad faith and wrongful denial and refusal to cover plaintiffs' property and pay benefits for plaintiffs otherwise covered loss, defendant, acting by and through its duly authorized agents, servants, workmen or employees has engaged in the following frivolous and

unfounded conduct:

   a. Defendant failed to acknowledge and act promptly upon written or oral communications with respect to claims arising under insurance policies;
   b. Defendant failed to adopt, implement and or execute reasonable standards for the prompt and thorough investigation of claims arising under insurance policies;
   c. Defendant refused to pay plaintiff claim without conducting a reasonable investigation based upon all available information;
   d. Defendant did not attempt in good faith to effectuate prompt, fair and equitable settlements of plaintiff claim in which the company's liability under the policy has become reasonably clear;
   e. Defendant refused to meet its subsequent policy guarantee obligations;
   f. Defendant has threatened to cancel the plaintiffs' policy because the house is now in poor condition but refuses to cover the loss that has rendered the house in poor condition. (See letter of May 10, 2002 attached as exhibit "D");
   g. Defendant acted to compel plaintiffs to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts due and ultimately to be recovered in this action brought by plaintiff;
   h. Defendant violated P.A. Unfair Insurance Practices Act 40 P.S. Sec. 1171 et. seq. by failing to set forth in its denial letter of May 10, 2002 the specific reasons for denying the claim. (See exhibit "C"). The court can consider the conduct constituting violations of her UIPA and other statutes when determining whether defendant acted in bad faith pursuant to *Romano v Nationwide*, 646 A2d 1228 (1994).

14.   The actions of defendant as averred in the complaint were committed in wanton, malicious and/or reckless disregard of the rights of plaintiff and without a reasonable basis, the lack of which reasonable basis defendant knew or recklessly disregarded thereby justifying an award of consequential damages and punitive damages.

15. Solely as a result of defendant's bad faith misconduct as aforesaid, plaintiff has have been required to obtain counsel to commence the present action to recover benefits due and owing under the policy of insurance issued by defendant.

**WHEREFORE**, plaintiff demands Court judgment for punitive damages, compensatory, consequential and incidental damage, attorney's fees and costs and interest on plaintiffs' claim, in an amount in excess of $100,000.00.

                    **ROBERT B. PONZIANO**

**By:** _____
      **Robert B. Ponziano, Esquire**
      **One Greenwood Sq.**
      **Suite 140**
      **Bensalem Pa. 19020**
      **(215) 245 3501**
      **Attorney for Plaintiffs**

**Date** _____

**CERTIFICATE OF SERVICE**

  **I, Robert B. Ponziano, Esq. attorney for plaintiff certify that on   I sent by United States certified Mail a true and correct copy of Plaintiff's complaint to the following parties:**