IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** : | CIVIL ACTION |
| : | |
| **Plaintiffs,** : | |
| : | |
| : | No. 02-CV-3207 |
| : | |
| v. : | |
| : | |
| : | |
| **HARTFORD FIRE INSURANCE COMPANY** : | |
| : | |
| **Defendant.** : | |

**DEFENDANT, HARTFORD FIRE INSURANCE COMPANY'S
ANSWER TO PLAINTIFFS' COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Hartford Fire Insurance Company ( hereinafter "Hartford") by and through its attorneys, Hecker Brown Sherry and Johnson, LLP hereby answers the complaint of Plaintiffs, Thomas and Sandra Hopkins, h/w, and states as follows:

**PARTIES AND JURISDICTION**

1. The defendant has insufficient information and knowledge upon which to form a belief and therefore leaves the plaintiffs to their proof.

2. Admitted.

3. Denied as stated. It is admitted only that Hartford issued to plaintiffs Policy #44 RB 568868 (hereinafter the "Policy") with effective dates of 8/25/00 to 8/25/01.

4. Admitted.

**COMMON ALLEGATIONS**

5. Denied as stated. It is admitted only that Policy #44 RB 568868 was in force on August 9, 2001. All other averments are specifically denied.

92535-1

6. Denied. It is specifically denied that there was a "covered loss" or that plaintiffs have complied with the provisions of the Policy issued by defendant as more fully set forth herein.

7. Denied as stated. It is admitted only that after reasonable investigation of plaintiffs' claim, Hartford denied the claim based on exclusions contained within the Policy.

8. Denied. Paragraph 8 contains conclusions of law to which no further response is required. To the extent that a response is required, it is specifically denied that as a result of defendant's denial of plaintiffs' claim that plaintiff suffered any loss or damage.

**WHEREFORE**, answering defendant, Hartford Fire Insurance Company, respectfully requests judgment in its favor and against plaintiffs, plus attorney fees, interests and costs of suit.

## COUNT I
## Breach of Contract

9. Hartford hereby incorporates by reference thereto its answers to paragraphs 1 through 8 above as if set forth fully herein.

10. Denied. Paragraph 10 contains conclusions of law to which no further response is required. To the extent that any response is required, Hartford specifically denies that it breached its contractual obligation to plaintiffs. Hartford conducted a reasonable investigation of plaintiffs' claim and denied said claim based on valid exclusions contained in the Policy.

**WHEREFORE**, answering defendant, Hartford Fire Insurance Company, respectfully requests judgment in its favor and against plaintiffs, plus attorney fees, interests and costs of suit.

## COUNT II
## Bad Faith

11. Hartford hereby incorporates by reference thereto its answers to paragraphs 1 through 10 above as if set forth fully herein.

12. Denied. Paragraph 12 contains conclusions of law to which no further response is required. To the extent that any response is required, answering defendant specifically denies that it engaged in any bad faith conduct toward plaintiff. To the contrary, Hartford conducted a

reasonable investigation of plaintiffs' claim and denied said claim based on valid exclusions contained in the Policy.

13. Denied. It is specifically denied that answering defendant, its duly authorized agents, servants, workmen or employees engaged in any frivolous and unfounded conduct in its denial of plaintiffs' claim for property benefits and avers as follows:

    a. Denied. Answering defendant responded timely and appropriately upon notification of plaintiffs' claim;

    b. Denied. Answering defendant conducted a prompt and thorough investigation of plaintiffs' claims;

    c. Denied. Answering defendant conducted a thorough and reasonable investigation and based its denial of plaintiffs' claim upon all available information;

    d. Denied. At all times material hereto, defendant acted in good faith in its handling of plaintiffs' claim and denied the claim because it was not covered by the Policy. It is further specifically denied that any liability under the Policy was clear as a result of the investigation;

    e. Denied. It is specifically denied that defendant refused to meet its subsequent policy guaranty obligation as the loss was not covered by the Policy;

    f. Denied. The letter attached to plaintiffs' complaint as Exhibit "D" is a document in writing which speaks for itself and any attempt by plaintiff to characterize such writing is hereby specifically denied. To the extent any response is required, the conditions mentioned in the letter attached to plaintiffs' complaint as Exhibit "D" are unrelated to the loss asserted in the complaint;

    g. Denied. It is specifically denied that answering defendant acted in any way to compel plaintiff to institute litigation to recover amounts due under an insurance policy by offering substantially less than amounts due and ultimately to be recovered in this action. To the contrary, after a full and complete investigation of plaintiffs' claim, answering defendant issued a denial based on valid exclusions contained in its Policy;

    h. Denied. The letter attached to plaintiffs' complaint as Exhibit "C" is a document in writing which speaks for itself and as such any attempt by plaintiff to characterize such writing is specifically denied.

92535-1                                    3

14. Denied. Paragraph 14 contains conclusions of law to which no further response is required. To the extent that a response is required, answering defendant specifically denies that it acted in a wanton, malicious and/or reckless disregard of the rights of plaintiff and without a reasonable basis. To the contrary, answering defendant completed a full and reasonable investigation of plaintiffs' claim and denied said claim based on valid exclusions contained in its Policy. By way of further answer, at all times material hereto, defendant acted in good faith toward plaintiffs.

15. Denied. It is specifically denied that defendant acted in bad faith. It is further denied that any conduct on the part of answering defendant, required plaintiffs to obtain counsel to commence the present action. It is further denied that plaintiffs are due and owing any benefits under the Policy.

**WHEREFORE**, answering defendant, Hartford Fire Insurance Company, respectfully requests judgment in its favor and against plaintiffs, plus attorney fees, interests and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a cause of action against Hartford Fire Insurance Company upon which relief can be granted.

### SECOND DEFENSE

There is no coverage under Hartford Fire Insurance policy # 44 RB 568868 for the loss and damage claimed by plaintiffs.

### THIRD DEFENSE

Hartford Fire Insurance Policy #44 RB 568868 provides at SECTIONS I AND II CONDITIONS the following:

    2. <u>Concealment or Fraud</u>

        a. Under SECTION I – PROPERTY COVERAGES, with respect to all insureds covered under this policy, we provide no coverage for

loss under SECTION 1-PROPERTY COVERAGES if, whether before or after a loss, one or more insureds have:

(1) Intentionally concealed or misrepresented any material fact or circumstance;

(2) Engaged in fraudulent conduct; or

(3) Made false statements relating to this insurance.

During the investigation of the claim, Plaintiffs intentionally concealed or misrepresented material facts and circumstances, engaged in fraudulent conduct, and made false statements. As such, there is no coverage under the Policy for the losses claimed.

### FOURTH DEFENSE

Hartford Fire Insurance Policy # 44 RB 568868 also provides at SECTION I-EXCLUSIONS the following:

1. We do not insure against loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss.

\* \* \*

h. **Intentional Loss**, meaning any loss arising out of any act committed:

(1) By or at the direction of the insured; and

(2) With the intent to cause a loss.

As a result of defendant's investigation into plaintiffs' claim, it was determined that this loss arose from an act committed by or at the direction of an insured and with the intent to cause a loss. As such, there is no coverage on the policy for the losses claimed.

### FIFTH DEFENSE

Plaintiffs breached the terms and conditions of the Policy by intentionally concealing and misrepresenting material facts and circumstances, engaging in fraudulent conduct and making false statements.

## SIXTH DEFENSE

Plaintiffs breached the terms and conditions of the Policy by intentionally causing the loss complained of.

## SEVENTH DEFENSE

Defendant conducted a full and reasonable investigation of plaintiffs' claim and denied plaintiffs' claim based on the exclusions, terms and conditions and language of the Policy.

## EIGTH DEFENSE

At all times material hereto, defendant acted in good faith towards plaintiffs.

HECKER BROWN SHERRY AND JOHNSON

By: _____
    Thomas S. Brown
    Attorney ID No. 30193
    Jonathan R. MacBride
    Attorney ID No. 77177
    Attorneys for Defendant
    1700 Two Logan Square
    18th and Arch Streets
    Philadelphia, PA  19103
    (215) 446-6215

Dated:  July 9, 2002

## VERIFICATION

I, Thomas S. Brown, Esquire, counsel in the above matter, hereby affirm that the facts set forth in the foregoing Defendant's Answer to Plaintiffs' Complaint are true and correct to the best of my knowledge, information and belief. This Verification is made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsification.

                HECKER BROWN SHERRY AND JOHNSON

                By: _____
                     Thomas S. Brown
                     Attorney ID No. 30193
                     Jonathan R. MacBride
                     Attorney ID No. 77177
                     Attorneys for Defendant
                     1700 Two Logan Square
                     18th and Arch Streets
                     Philadelphia, PA  19103

Dated:  July 10, 2002

## CERTIFICATE OF SERVICE

I, Thomas S. Brown, Esquire, hereby certify that a true and correct copy of the foregoing Defendant's Answer to Plaintiffs' Complaint With Affirmative Defenses, has been served on the following counsel of record via first-class mail with postage pre-paid thereon on this ___ day of July, 2002.

        Robert B. Ponziano, Esquire
        One Greenwood Square, Suite 140
        Bensalem, PA 19020

        HECKER BROWN SHERRY AND JOHNSON

        By: _____
            Thomas S. Brown
            Attorney ID No. 30193
            Jonathan R. MacBride
            Attorney ID No. 77177
            Attorneys for Defendant
            1700 Two Logan Square
            18th and Arch Streets
            Philadelphia, PA 19103
            (215) 446-6215