# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | No. 02-CV-3207 |
| **v.** | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW** this _____ day of _____, 2003 upon Plaintiffs' Motion in Limine to Preclude Expert Testimony of Louis Gahagan,

**IT IS ORDERED** that the Motion is DENIED, and defendant may introduce the testimony of Mr. Louis Gahagan at the Motion in Limine hearing.

_____
J.

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | CIVIL ACTION |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | No. 02-CV-3207 |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE EXPERT TESTIMONY OF LOUIS GAHAGAN**

Defendant, The Hartford Fire Insurance Company (hereinafter "Hartford"), by and through its counsel, Hecker Brown Sherry and Johnson, LLP, hereby responds to Plaintiffs' Motion in Limine to Preclude Expert Testimony of Louis Gahagan as follows:

1. Denied. Plaintiffs brought this action to recover under a policy of insurance issued by Hartford following a fire loss and Hartford's denial of the claim.

2. Denied as stated. It is admitted only that following an extensive investigation concerning, <u>inter alia</u>, the cause and origin of the fire, Hartford denied Plaintiffs' claim based on the policy's Conditions and Exclusions for Concealment and Fraud and Intentional Loss.

3. Denied as stated. It is admitted only that Alex Profka, Hartford's cause and origin expert, will testify at trial consistent with his expert report and expert deposition testimony. A copy of his written report was attached to Hartford's Response to Plaintiffs' original Motion in Limine. As the report states, it is Profka's professional

opinion that the fire originated in the closet area of Plaintiffs' vacation home on the floor, in combustible materials; that it was intentionally set, and that a flammable liquid was used.

4. Admitted.

5. Admitted.

6. Denied as stated. It is admitted only that Mr. MacBride requested a hearing to be held prior to or at the time of trial to establish a more complete factual record upon which the Court's decision on the Motion in Limine might be based if the Court deemed it necessary.

7. Admitted.

8. Admitted.

9. Admitted. By way of further response, when counsel for Hartford learned from the Court on December 15, 2003 that the Court would allow the testimony of witnesses at the hearing, counsel notified Plaintiffs' counsel of his intent to call Louis Gahagan as an expert to testify that the methodologies used by Alex Profka were reliable, were based on good grounds, and were relevant for purposes of the case as required by recent decisions in this jurisdiction. It was explained to Plaintiffs' counsel that Gahagan's testimony would not address the ultimate issue of the cause and origin of the fire.

10. Admitted in part, denied in part. It is admitted that Mr. Gahagan was not disclosed to Plaintiffs' counsel until December 15, 2003 as there was no reason to do so. It is denied, as alleged by Plaintiffs, that the non-disclosure is in violation of Fed. Rule of Civil Procedure 26. To the contrary, as Mr. Gahagan is not testifying as to the cause and

origin of the fire but, rather, is only testifying as to the narrow issue(s) raised in Plaintiffs' Motion in Limine.

11. Admitted. The hearing is now scheduled for December 30, 2003.

12. Admitted in part, denied in part. It is admitted only that Plaintiffs' Motion at paragraph 12 sets forth Fed. Rule of Civil Procedure 26. It is denied that Rule 26 is the "Standard" to be applied in the resolution of this Motion. To the contrary, Rule 26 is irrelevant to the issue raised by the Motion.

13. Denied. To the contrary, as set forth in paragraph 9 above, Mr. Gahagan, a recognized expert in the field of fire cause and origin investigations,[1] will testify at the hearing on the Motion in Limine only to the accepted methodologies to be followed when conducting fire cause and origin investigations of the type conducted by Alex Profka and whether, in his opinion, Mr. Profka's conclusions were based on a reliable methodology given the facts of the case. In other words, Mr. Gahagan will address the alleged deficiencies raised by Plaintiffs in their original Motion which challenges the methodologies and therefore, the conclusions of Alex Profka.

14. Denied. To the contrary, as set forth in response to paragraph 10 above, there was no need under Fed. Rule of Civil Procedure 26, or otherwise, to disclose Mr. Gahagan prior to the scheduling of the hearing on Plaintiffs' Motion in Limine.

15. Denied as irrelevant.

16. Denied. The purpose of the hearing on the Motion is to allow the Court the opportunity to, <u>inter alia</u>, hear testimony to assist it in making its determination. Plaintiffs' counsel will have ample opportunity to cross-examine Mr. Gahagan at the time of the hearing if he so chooses and/or to present his own cause and origin expert to refute

---

[1] Mr. Gahagan's Curriculum Vitae is attached hereto as Exhibit "A".

129471-1

Mr. Gahagan if he so desires. Since counsel for Plaintiffs filed the Motion in Limine in the first place challenging Alex Profka, he already knows the subject matter at issue and cannot be prejudiced.

17. Denied. Fed. Rule of Civil Procedure 26, by its terms, deals only with witnesses who will testify at trial. As stated above, Mr. Gahagan is not being offered as an expert to testify at trial or to testify concerning the ultimate issue in the case, the cause and origin of the fire. By way of further response, even if notice of Mr. Gahagan's testimony is somehow required in this context, notice was given timely since the need for Gahagan's testimony only became apparent once the Court advised counsel that it would hear testimony at the hearing on Plaintiffs' first Motion in Limine. At that point counsel for Plaintiffs was notified that Gahagan would testify at the hearing.

WHEREFORE, defendant, Hartford Fire Insurance Company, respectfully requests that this Honorable Court deny plaintiffs, Thomas and Sandra Hopkins', Motion to preclude the expert testimony of Louis Gahagan at the hearing scheduled for December 30, 2003.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON

By: _____
         Thomas S. Brown

129471-1