IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | CIVIL ACTION |
| **Plaintiffs,** | : | |
| | : | No. 02-CV-3207 |
| v. | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| **Defendant.** | : | |

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION IN LIMINE TO PRECLUDE THE EXPERT TESTIMONY OF LOUIS GAHAGAN

**I.   Facts**

On August 9, 2001, a fire damaged the Plaintiffs' property located at 47 Hickory Hills Drive, White Haven, PA 18661. Thereafter, Plaintiffs filed a claim under policy number 44 RB 568868 issued by defendant, Hartford Fire Insurance Company (hereinafter "Hartford") to recover for the damage to the property.

After an extensive investigation, including a fire cause and origin investigation conducted by Alex Profka on Hartford's behalf, Hartford notified the plaintiffs that their claim for damages arising out of the fire was being denied. As the basis for this denial the Hartford cited the policy's Conditions and Exclusions for Concealment and Fraud and Intentional Loss. Thereafter, Plaintiffs filed suit. Trial is currently scheduled for January 12, 2004.

On September 20, 2003, Plaintiffs filed a Motion in Limine to exclude the report and testimony of Alex Profka. The Hartford then filed a response. On December 9, 2003 the Court

129592-1

scheduled a hearing on the motion. On December 15, 2003 it was learned from the Court that witness testimony would be allowed at the hearing. Immediately thereafter counsel for Hartford notified Plaintiffs' counsel of his intention to call Louis Gahagan as an expert in fire investigation to testify at the hearing on the Motion in Limine to the accepted methodologies to be followed when conducting fire cause and origin investigations of the type conducted by Alex Profka and whether, in his opinion, Mr. Profka's conclusions were reliable based on his methodology given the facts of the case.

Currently before the Court is Plaintiffs' second Motion in Limine to preclude the testimony of Mr. Gahagan

## II.    ARGUMENT

In support of its recent Motion, Plaintiffs mistakenly rely on Fed. Rule of Civil Procedure 26. Rule 26 addresses discovery and issues involving witnesses that are to be presented at trial. Rule 26 does not apply to Mr. Gahagan's testimony at the hearing on the Motion for the following reasons: (1.) he is not a trial witness; (2.) he will only testify to the narrow issue raised in Plaintiffs' Motion in Limine, i.e. the methodology used by Alex Profka in his investigation; (3.) he will not testify to the ultimate issue in the case, the cause and origin of the fire; and (4.) his need to testify only became apparent once the Court scheduled a hearing on Plaintiff's first Motion in Limine and notified the parties (on December 15, 2003) that testimony would be heard at the hearing.

Pursuant to FRE 702, it is the role of the trial judge to act as a "gatekeeper" to ensure that any and all expert testimony or evidence is not only relevant, but also reliable. The proposed testimony of Mr. Gahagan at the hearing will be offered for the limited purpose of responding to Plaintiffs' challenges to Alex Profka on those grounds and will allow the Court the opportunity

129592-1

to hear testimony to assist it in making its determination of the soundness of Profka's methodology.

### III. CONCLUSION

Plaintiffs' challenge to Mr. Gahagan's proposed testimony should be rejected. Mr. Gahagan is an experienced fire investigator with over 30 years experience. His testimony is necessary to enable Hartford to respond to Plaintiffs' challenges to the cause and origin investigation of Alex Profka and to provide the Court with a complete factual record upon which its decision regarding the trial testimony of Alex Profka can be based.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP

By: _____
    Thomas S. Brown

129592-1