### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| | : | **No. 02-CV-3207** |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| | : | |
| **Defendant.** | : | |

### ORDER

**AND NOW** this _____ day of _____, 2004 upon consideration of Defendant's Motion in Limine to limit the amount of damages to the actual cash value of damaged property and Plaintiffs' response thereto;

**IT IS HEREBY ORDERED** that the Motion is GRANTED, and Plaintiffs' recovery is limited to the actual cash value of any loss payable under the insurance policy issued by the Defendant.

_____

J.

129771-1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | CIVIL ACTION |
| **Plaintiffs,** | : | |
| | : | No. 02-CV-3207 |
| v. | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| **Defendant.** | : | |

**DEFENDANT HARTFORD FIRE INSURANCE COMPANY'S
MOTION IN LIMINE TO LIMIT PLAINTIFFS' RECOVERY TO THE
<u>ACTUAL CASH VALUE OF DAMAGED PROPERTY</u>**

Defendant Hartford Fire Insurance Company (hereinafter "Hartford"), by its attorneys, Hecker Brown Sherry and Johnson LLP, hereby moves for an Order limiting Plaintiffs' recovery to the Actual Cash Value of damaged property and in support thereof avers as follows:

1.      On August 9, 2001, Plaintiffs were the owners of a house located at 47 Hickory Hills Road, White Haven, Pa. which was insured under a homeowners insurance policy (hereinafter the "Policy") issued by The Hartford, policy number 44RB 568868. The house and certain contents therein were partially damaged by fire on that date and Plaintiffs made a claim under their Policy.

2.      Plaintiffs brought this action to recover under the Policy following Hartford's denial of the claim. The claim was denied based on the policy's Conditions and Exclusions for Concealment and Fraud and Intentional Loss.

129771-1

3. Trial of this matter is scheduled to begin January 12, 2004.

4. In their Complaint, Plaintiffs allege at paragraph 8 that their damages exceed $100,000. It is anticipated that in support of their claim for damages, Plaintiffs will call witnesses at trial to testify concerning the cost to replace the house and its contents.

5. Defendant will call witnesses at trial to testify, <u>inter alia</u>, as to the depreciated value of the house and contents to establish the actual cash value (ACV) of the property at the time of the fire as required by the terms of the policy.

6. Attached hereto as Exhibit "A" is that portion of the Policy entitled **Replacement or Repair Cost Protection Coverage A – Dwelling.** Pursuant to that coverage, the repair or replacement of damage to a dwelling is paid at replacement cost only if the insured has elected to repair or replace the damaged building. (Section 1c.) In this case the house has not been repaired but, rather, was sold as is for $10,000. In addition, under the clear terms of paragraph 2.c. of that Section, the most The Hartford would pay is "no more than the actual cash value of the damages until actual repair or replacement is completed."

7. The Policy as issued contains two Endorsements which are relevant to the Motion. The first is entitled: **Special Provisions Pennsylvania** and provides, <u>inter alia</u>:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> Throughout this policy, the following is added to any provision which uses the term actual cash value.
>
> Actual cash value is calculated as the amount it would cost to repair or replace covered property at the time of loss or damage, with material of like kind and quality, subject to a deduction for deterioration, depreciation and obsolescence. Actual cash value applies to valuation of covered property regardless of whether that property has sustained partial or total loss or damage.
>
> The actual cash value of the lost or damaged property may be significantly less than the replacement cost.

129771-1

8. The second Endorsement is entitled: **PERSONAL PROPERTY REPLACEMENT COST – PENNSYLVANIA** and is attached hereto as Exhibit "B". The Endorsement provides for payment of losses to personal property (contents) at replacement cost, subject to the limitations set forth in Section I, paragraph 2.b. That paragraph provides, <u>inter alia</u>:

> **2.  Replacement Cost**
>
> The following loss settlement procedure applies to all property insured under this endorsement.
>
> \*     \*     \*
>
> b. When the replacement cost for the entire loss under this endorsement is more than $500, we will pay no more than the actual cash value for the loss or damage until the actual repair or replacement is complete.
>
> \*     \*     \*

Plaintiffs' loss of personal property exceeds $500 and it has not been repaired or replaced; therefore, Plaintiffs can only recover the Actual Cash Value of the personal property damaged by the fire.

9. In <u>Kane vs. State Farm</u> the Pennsylvania Superior Court has recently held that insurers can deduct depreciation until repair or replacement of damaged property is made, provided the phrase "actual cash value" is defined in the policy as including a deduction for depreciation. <u>Kane v. State Farm.</u>, No.237 EDA 2003,2003 Pa. Super. LEXIS 4588, (Pa. Super. Dec. 22, 2003). As set forth above, the Policy at issue contains such a definition.

10. For the foregoing reasons, Plaintiffs are not entitled to recover replacement cost for their losses under the terms and conditions of the Policy or under applicable Pennsylvania case law and any recovery should, therefore, be limited to the actual cash value of the house and personal property at the time of the fire.

129771-1

WHEREFORE, under the facts as presented and the clear and unambiguous language of the Policy and applicable case law, it is respectfully requested that an Order be entered limiting Plaintiffs' recovery under the Policy, if any, to the actual cash value of the house and contents at the time of the fire.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP

By: _____
     Thomas S. Brown

Dated: _____

129771-1

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | **CIVIL ACTION** |
| Plaintiffs, | : | |
| | : | No. 02-CV-3207 |
| v. | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT HARTFORD FIRE
INSURANCE COMPANY'S MOTION IN LIMINE TO LIMIT PLAINTIFFS'
RECOVERY TO THE ACTUAL CASH VALUE OF DAMAGED PROPERTY**

**I.   FACTS**

On August 9, 2001, Plaintiffs were the owners of a house located at 47 Hickory Hills Road, White Haven, Pa. which was insured under homeowners insurance policy number 44RB 568868 (hereinafter the "Policy") issued by The Hartford Fire Insurance Company (hereinafter "Hartford"). The house and certain contents therein were partially damaged by fire on that date and Plaintiffs made a claim under the Policy. After an extensive investigation, Hartford denied the claim based on the Policy's Conditions and Exclusions for Concealment and Fraud and Intentional Loss. Plaintiffs brought this action to recover under the Policy following Hartford's denial of the claim.

In their Complaint, Plaintiffs allege in paragraph 8 that their damages exceed $100,000. It is anticipated that in support of their claim for damages, Plaintiffs will attempt to introduce testimony and evidence to establish that the measure of damages should be the replacement cost

129771-1

of the house and its contents as opposed to the actual cash value of the property at the time of the fire.

As the facts of the case and the clear and unambiguous terms of the Policy do not support Plaintiffs' position with respect to the appropriate measure of damages to be applied, this evidence should be precluded unless Plaintiffs also introduce evidence in support of a deduction for depreciation as required by the Policy.

## II.   THE POLICY

The Policy and two of its Endorsements define in clear and unambiguous terms, the amounts to be paid following loss of, <u>inter alia</u>, dwellings and personal property. It also defines the term "actual cash value" as that phrase is used throughout the Policy.

Attached hereto as Exhibit "A" is that portion of the Policy entitled **Replacement or Repair Cost Protection Coverage A – Dwelling.** Pursuant to that coverage, the repair or replacement of damage to a dwelling is paid at replacement cost only if the insured has elected to repair or replace the damaged building. (Section 1c.) Testimony at trial will establish that the house was not repaired but, rather, was sold "as-is" by Plaintiffs for $10,000. Therefore, under the plain language of paragraph 2.c. of that Section, the most Hartford would pay is "no more than the actual cash value of the damages until actual repair or replacement is completed."

The first Policy Endorsement at issue is entitled: **Special Provisions Pennsylvania** and provides, <u>inter alia</u>, the following:

> **THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**
>
> Throughout this policy, the following is added to any provision which uses the term actual cash value.
>
> Actual cash value is calculated as the amount it would cost to repair or replace covered property at the time of loss or damage, with material of like kind and

129771-1

quality, subject to a *deduction for deterioration, depreciation and obsolescence*. Actual cash value applies to valuation of covered property regardless of whether that property has sustained partial or total loss or damage.

The actual cash value of the lost or damaged property may be significantly less than the replacement cost.
(Emphasis added.)

The second Endorsement at issue is entitled: **PERSONAL PROPERTY REPLACEMENT COST – PENNSYLVANIA** and is attached hereto as Exhibit "B". The Endorsement provides for payment of losses to personal property (contents) at replacement cost, subject to the limitations set forth in Section I, paragraph 2.b. That paragraph provides, inter alia:

> **2.    Replacement Cost**
>
> > The following loss settlement procedure applies to all property insured under this endorsement.
> > *       *       *
> > b. When the replacement cost for the entire loss under this endorsement is more than $500, we will pay no more than the actual cash value for the loss or damage until the actual repair or replacement is complete.
> > *       *       *

As Plaintiffs' loss of personal property exceeds $500 and the property has not been repaired or replaced, Plaintiffs can only recover the actual cash value of the personal property damaged by the fire.

### III.    LAW AND ARGUMENT

In Kane vs. State Farm the Pennsylvania Superior Court recently addressed the issue of "actual cash value" coverage. In Kane, the Court reviewed relevant language of disputed homeowner policies. Each policy was a replacement cost policy that required the insured to first repair or replace damage before the full replacement cost would be proffered; otherwise, the

129771-1

policies only provided for reimbursement of the property's actual cash value. The policies referred to "actual cash value" as the compensation that will be provided until repairs are complete. The policies defined "actual cash value" as including a deduction for depreciation. The Court held that insurers can deduct depreciation until repair or replacement of damaged property is made, so long as "actual cash value" is defined in the policy as including a deduction for depreciation. <u>Kane v. State Farm.</u>, No.237 EDA 2003,2003 Pa. Super. LEXIS 4588, (Pa. Super. Dec. 22, 2003), attached hereto as Exhibit "C". The policy language examined and approved by the Court in <u>Kane</u> is essentially identical to that used by Hartford as set forth above.

      In the present case, it is clear that Hartford has met its burden of defining the relevant terms and explaining the requirements and potential limits of recovery to the insured in the Policy. The Plaintiffs have not repaired or replaced either the dwelling or its contents as required by the Policy in order to recover damages at replacement cost. By electing not to repair or replace but instead to sell the property, Plaintiffs have limited their recovery to actual cash value as defined by the Policy. As a result, Plaintiffs should be precluded from offering testimony or other evidence to attempt to establish the replacement cost of their property unless they also introduce evidence in support of a deduction for depreciation to establish the actual cash value of the property at the time of the fire as required by the Policy.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs are not entitled to replacement costs for their losses under the terms and conditions of the Hartford Insurance policy or as construed under the applicable Pennsylvania case law. It is therefore respectfully requested that the Court enter an Order limiting any recovery by Plaintiffs to the actual cash value of any loss payable under the Policy.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP

By: _____
     Thomas S. Brown

## CERTIFICATE OF SERVICE

I, Thomas S. Brown, Esquire, hereby certify that a true and correct copy of the foregoing *Motion in Limine and Memorandum of Law in Support Thereof to Limit Plaintiffs' Recovery to the Actual Cash Value of Damaged Property* have been served on the following counsel of record by facsimile and overnight mail thereon on the 5th day of January, 2004.

Robert B. Ponziano, Esquire

One Greenwood Square, Suite 140

Bensalem, PA  19020

HECKER BROWN SHERRY AND JOHNSON

By: _____
    Thomas S. Brown

129771-1