# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | No. 02-CV-3207 |
| **v.** | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| **Defendant.** | : | |

## ORDER

**AND NOW** this _____ day of _____, 2004 upon consideration of Defendant's Motion in Limine to preclude evidence of bad faith conduct or in the alternative to bifurcate trial as to Count II of Plaintiffs' Complaint and Plaintiffs' response thereto;

**IT IS HEREBY ORDERED** that the Motion is GRANTED, and:

(1)   Plaintiffs' are precluded from presenting evidence of bad faith conduct by the Defendant or in the alternative are ordered to produce an offer of proof regarding the evidence they will present at trial in support of their allegations of bad faith conduct or,

(2)    The trial will be bifurcated as to Count II of Plaintiffs' Complaint.

_____

J.

130026-1

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiffs,** | : | |
| | : | **No. 02-CV-3207** |
| v. | : | |
| | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| | : | |
| **Defendant.** | : | |

**DEFENDANT HARTFORD FIRE INSURANCE COMPANY'S
MOTION IN LIMINE TO PRECLUDE EVIDENCE OF BAD FAITH CONDUCT
OR IN THE ALTERNATIVE TO BIFURCATE TRIAL
AS TO COUNT II OF PLAINTIFFS' COMPLAINT**

Defendant Hartford Fire Insurance Company (hereinafter "Hartford"), by its attorneys, Hecker Brown Sherry and Johnson LLP, hereby moves for an Order to preclude evidence of bad faith conduct or in the alternative to bifurcate trial as to Count II of Plaintiffs' Complaint and in support thereof avers as follows:

1. On May 24, 2002, Plaintiffs instituted the above-captioned action by Complaint against Hartford seeking to recover damages sustained to their house and personal property located at 47 Hickory Hill Road, White Haven, Pa. 18661.

2. Plaintiffs allege causes of action against Hartford for breach of contract (Count I) and bad faith (Count II).

3. In Count II, Plaintiffs allege an entitlement to bad faith damages based on Hartford's refusal to pay the claim and its claims handling practices. A copy of Plaintiffs' Complaint is attached as Exhibit "A". As to Count II, Plaintiffs have produced no evidence to date in support of the allegations.

4.  Plaintiffs' allegations of bad faith conduct are made under the Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. §8371. The Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. at §8371, became effective on July 1, 1990 and provides:

> In an action arising under an insurance policy, if the Court finds that the insurer has acted in bad faith toward the insured, the Court may take all of the following actions:
>
> 1.  Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%;
>
> 2.  Award punitive damages against the insurer;
>
> 3.  Assess court costs and attorneys' fees against the insurer.

5.  Plaintiffs carry the burden of proving bad faith on the part of Hartford. The standard of proof in a bad faith case is clear and convincing evidence. *Dattilo v. State Farm Insurance Company*, C.A. No. 97-1842, 1997 U.S. Dist. Lexis 16188 (E.D. Pa. 1997); *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747 (3rd Cir. 1994); *Birth Center v. St. Paul Companies, Inc.,* 727 A.2d 1144 (1999). Plaintiffs cannot show by clear and convincing evidence that Hartford's conduct amounts to bad faith.

6.  As set forth in the accompanying Memorandum, Hartford will present evidence at trial to show that it conducted an extensive investigation into the cause of the fire and Plaintiffs' involvement therein prior to denying the claim. In contrast, Plaintiffs have not offered any evidence to date in support of their allegations of Count II of the Complaint.

7.  Plaintiffs filed a Motion in Limine to preclude the testimony of Hartford's' cause and origin expert. Plaintiffs then withdrew the Motion just prior to hearing and argument. As a result, Hartford presumes that the only other basis Plaintiffs' will rely on in support of their claim for bad faith damages is to attempt to establish that Hartford's expert opinion was wrong,

130026-1

that Hartford knew it was wrong, and that Hartford, therefore, lacked a reasonable good faith basis to deny the claim.

8. Hartford believes such evidence is insufficient to support an award of bad faith damages under §8371.

9. Furthermore, allowing Plaintiffs to introduce any evidence of alleged bad faith conduct at trial would be highly prejudicial to the resolution of the underlying coverage case.

10. In light of the lack of evidence in support of Plaintiffs' bad faith claim and in order to avoid such prejudice, Hartford requests that:

1. Plaintiffs be precluded from offering any evidence in support of Count II of the Complaint;

2. In the alternative, that Plaintiffs provide an offer of proof regarding the evidence they intend to introduce at trial in support of the allegations;

3. In the alternative, that the trial of Count I and Count II of the Complaint be bifurcated so that the underlying coverage case (Count I) can be resolved separately in order to avoid prejudice to Hartford by trying both Counts at the same time.

WHEREFORE, under the facts as presented and the clear and unambiguous language of the Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. at §8371 and applicable case law, it is respectfully requested that an Order be entered to preclude Plaintiffs' evidence of bad faith conduct or in the alternative to bifurcate trial as to Count II of Plaintiffs' Complaint.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP

By: _____
Thomas S. Brown

Dated: _____

130026-1

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** : | **CIVIL ACTION** |
| Plaintiffs, : | |
| : | No. 02-CV-3207 |
| v. : | |
| **HARTFORD FIRE INSURANCE COMPANY** : | |
| Defendant. : | |

**DEFENDANT HARTFORD FIRE INSURANCE COMPANY'S
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO
PRECLUDE EVIDENCE OF BAD FAITH CONDUCT
OR IN THE ALTERNATIVE TO BIFURCATE TRIAL
AS TO COUNT II OF PLAINTIFFS' COMPLAINT**

**I.     FACTS**

On May 24, 2002, Plaintiffs instituted the above-captioned action against The Hartford Fire Insurance Company (hereinafter "Hartford") seeking to recover damages sustained to their house located at 47 Hickory Hill Road, White Haven, Pa. 18661. The home was insured under a homeowners policy, number 44RB 568868 (hereinafter the "Policy") which was issued by Hartford. The house and certain contents therein were partially damaged by a fire on August 9, 2001 and Plaintiffs made a claim under the Policy. After an extensive investigation, Hartford denied the claim based on the Policy's Conditions and Exclusions for Concealment and Fraud and Intentional Loss. Plaintiffs brought this action to recover under the Policy following Hartford's denial of the claim. The Plaintiffs allege causes of action against Hartford for breach of contract (Count I) and bad faith (Count II).

Trial is scheduled to begin January 12, 2004.

130026-1

**II      LAW AND ARGUMENT**

In Count II, Plaintiffs' Complaint alleges that Hartford's refusal to pay the claim and its handling of the claim constitute bad faith under the Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. §8371 (see Exhibit "A" of the attached Motion). Plaintiffs, however, have produced no evidence to date in support of these allegations.

The Pennsylvania Bad Faith Statute, 42 Pa. C.S.A. at §8371, became effective on July 1, 1990 and provides:

> In an action arising under an insurance policy, if the Court finds that the insurer has acted in bad faith toward the insured, the Court may take all of the following actions:
>
> 1. Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%;
>
> 2. Award punitive damages against the insurer;
>
> 3. Assess court costs and attorneys' fees against the insurer.

In the case of *Teletsky v. Prudential Property & Cas. Ins. Co.*, 437 Pa. Super. 108, 112, 649 A.2d 680, 688 (1994), *app. den.*, 540 Pa. 641, 659 A.2d 560 (1995) bad faith conduct by an insurer has been defined. The Court, in *Teletsky*, stated:

> In the insurance context, the term Bad Faith has acquired a particular meaning:
>
> **Insurance.** Bad Faith on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not Bad Faith.

Blacks' Law Dictionary 139 (6th Ed. 1990) (citations omitted).

The Court applied a two-part test to determine validity of bad faith claims: (1) the insurer lacked a reasonable basis for denying benefits; and (2) the insurer knew or recklessly disregarded its lack of reasonable basis. Id., 437 Pa. Super. At 125; 659 A.2d at 688.

In *MGA Ins. co. v. Bakos*, 699 A.2d 751 (Pa. Super 1997), the Court quoted from *Terletsky*, *supra*, as the standard in defining bad faith. The Court in *MGA* stated that when evaluating a claim of bad faith under §8371, the Court may look to (1) other cases construing the statute or bad faith law in general, (2) the plain meaning of the terms in the statute and (3) other statutes addressing the same or similar subjects.

In this case, Plaintiffs carry the burden of proving bad faith on the part of Hartford. The standard of proof in a bad faith case is clear and convincing evidence. *Dattilo v. State Farm Insurance Company*, C.A. No. 97-1842, 1997 U.S. Dist. Lexis 16188 (E.D. Pa. 1997); *Polselli v. Nationwide Mut. Fire Ins. Co.*, 23 F.3d 747 (3rd Cir. 1994); *Birth Center v. St. Paul Companies, Inc.,* 727 A.2d 1144 (1999).

In *Leab v. Cincinnati Ins. Co.,* 1997 WL 360903 (E.D. Pa.), the court defined clear and convincing evidence in the following language:

> "[The witnesses'] testimony [must be] so clear, direct, weighty, and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue..."

*Id.* at 7 n.13 (citing *In re Estate of Fickert*, 461 Pa. 653, 337 A.2d 592, 594 (1975) (quoting *La Rocca Trust*, 411 Pa. 633, 192 A.2d 409, 413 (1963).

Plaintiffs cannot show by clear and convincing evidence that Hartford's conduct amounts to bad faith. Hartford thoroughly investigated Plaintiffs' claim. Two experts were retained by Hartford to determine the cause of the fire: Alex Profka of Bieber and Associates to establish the cause and origin of the fire, and; Cliff Patton of Patton Forensic Engineers to determine if any

electrical causes for the fire existed. Mr. Patton ruled out an electrical cause for the fire and Mr. Profka ultimately determined the fire had been intentionally set.

In addition, through an independent adjuster, its employees and consultants, Hartford interviewed a number of witnesses, including neighbors, a realtor, fire fighters and the State Fire Marshall who was called in to investigate the fire; took the Examination Under Oath of the Plaintiffs; and retained an accountant to review the Plaintiffs financial condition there was a motive for setting the fire. Based on this investigation, the claim was denied. The evidence that Hartford will produce at trial will clearly establish that Hartford conducted a thorough investigation of the claim and had a reasonable basis for denying coverage.

To date, Plaintiffs have offered no evidence to support their claim for bad faith on the basis of Hartford's alleged improper claims handling and/or refusal to pay the claim. As a matter of law, Plaintiffs cannot meet their burden of proving that Hartford lacked a reasonable basis for denying the claim and knew or recklessly disregarded that it lacked such a basis[1].

On September 20, 2003, Plaintiffs filed a Motion in Limine to preclude the testimony of Hartford's' cause and origin expert. Plaintiffs then withdrew the Motion just prior to hearing and argument. As a result, Hartford presumes that the only other basis Plaintiffs' might rely on in support of their claim for bad faith damages is to attempt to establish that Hartford's expert opinion was wrong, that Hartford knew it was wrong, and that Hartford, therefore, lacked a reasonable good faith basis to deny the claim. Hartford believes such evidence is insufficient to support an award of bad faith damages under §8371. Even if the opinion of Hartford's expert as to the cause of the fire is ultimately rejected by the jury, that does not make Hartford's reliance on that opinion as part of its basis to deny coverage frivolous, unfounded or unreasonable.

---

[1] Plaintiffs have also not identified any expert witnesses to testify as to the allegations of Count II.

130026-1

Finally, allowing Plaintiffs to introduce evidence of alleged bad faith conduct at trial would be highly prejudicial to the resolution of the underlying coverage case. Based on supplements to their Pre-Trial Memorandum, it appears that, despite not having identified <u>any</u> evidence of Hartford's bad faith conduct to date, let alone clear and convincing evidence of wanton or reckless misconduct that is required to support a claim for punitive damages, Plaintiffs will attempt to introduce evidence regarding the financial condition of Hartford at trial. Such evidence, on its face, is irrelevant to the issues in the coverage case (was the fire intentionally set; is the claim excluded by the terms of the policy) and would be prejudicial to Hartford's defense.

The trial court may order bifurcation of trial issues in furtherance of convenience or to avoid prejudice. <u>David MacFarland v. United States Fidelity & Guaranty Co.</u>, 818 F. Supp. 108 (E.D.PA. 1993). <u>Geiswite v. Warner</u>, 21 D&C 4th 473, 476 (C.P. Clinton Cty, 1993). See Pa.R.C.P. 213(b) and 224; <u>Coleman v. Philadelphia Newspapers, Inc</u>., 391 Pa.Super. 140, 570 A.2d 552, 555 (1990) ("bifurcation is strongly encouraged and represents responsible exercise of discretion where the separation of issues facilitates the orderly presentation of evidence and judicial economy"). The decision to bifurcate is discretionary. See <u>Wolk v. Wolk</u>, 318 Pa.Super. 311, 464 A.2d 1359, 1362 (1983).

### III. <u>CONCLUSION</u>

For the foregoing reasons, Defendant's respectfully request that the Court enter an Order precluding evidence of bad faith conduct or in the alternative to bifurcate trial as to Count II of Plaintiffs' complaint.

130026-1

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP


By: _____
    Thomas S. Brown

130026-1

**CERTIFICATE OF SERVICE**

      I, Thomas S. Brown, Esquire, hereby certify that a true and correct copy of the foregoing Motion in Limine and Memorandum of Law in Support Thereof to Preclude Evidence of Bad Faith Conduct or in the Alternative to Bifurcate Trial as to Count II of Plaintiffs' Complaint have been served on the following counsel of record via facsimile on the 8th day of January, 2004.

      Robert B. Ponziano, Esquire

      118 North State Street

      Newtown, PA  18940


HECKER BROWN SHERRY AND JOHNSON


By: _____
      Thomas S. Brown

130026-1