IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **THOMAS AND SANDRA HOPKINS, h/w** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | No. 02-CV-3207 |
| **v.** | : | |
| **HARTFORD FIRE INSURANCE COMPANY** | : | |
| **Defendant.** | : | |

### DEFENDANTS RESPONSE TO PLAINTIFFS' MOTION
### TO ENFORCE JUDGMENT WITH SANCTIONS

Defendant, Hartford Fire Insurance Company (hereinafter "Hartford"), by and through its counsel, Hecker Brown Sherry and Johnson, LLP, hereby responds to Plaintiffs' Motion to Enforce Judgment with Sanctions.

1. Admitted.

2. Admitted.

3. Denied as stated. It is admitted only that on February 2, 2004 plaintiffs' counsel filed a motion for prejudgment interest that failed to contain any citations to case or statutory authority or explain how plaintiff calculated the requested amount of prejudgment interest. On February 5th 2004, plaintiffs' counsel agreed to provide Hartford the case law and statutory authority that was the basis for plaintiffs' claim. By March 4, 2004, plaintiffs' counsel still did not provide that authority documented the calculation in question. At the same time, plaintiffs' counsel was requesting that the judgment be paid separately from interest thereon. Hartford's counsel explained to plaintiffs' counsel that separate checks would not issue and that no payment

137755-1

could, therefore, be made until the interest calculation was worked out. Plaintiffs' counsel did not contest this issue. Hartford then offered to research the issue for plaintiffs' counsel and advise him of the proper prejudgment interest calculation. Plaintiffs' counsel accepted this offer. Accordingly, on or about March 29, 2004 the parties stipulated to the amount of prejudgment interest and an Order was entered giving effect to that stipulation.

4.  Admitted in part; denied in part. For the reasons set forth in Hartford's response to Paragraph 3 of the instant Motion, it is specifically denied that Hartford was under any obligation to pay prior to March 29, 2004. Moreover, as set forth below Hartford requires Plaintiffs' counsel to provide a taxpayer identification number and payor information in order to make payment, a requirement that Hartford has communicated to plaintiffs' counsel. Further, full payment of the award was hand delivered to Plaintiffs' counsel prior to the filing of this response.

5.  Denied as stated for the reasons set forth in Hartford's responses to Paragraphs 3 and 4 of the instant Motion.

6.  Denied as stated for the reasons set forth in Hartford's responses to Paragraphs 3 and 4 of the instant Motion. It is specifically denied that Hartford, at any time, refused to make payment in this matter.

7.  Denied as a conclusion of law. Any "delay" on Hartford's part is specifically denied.

137755-1

WHEREFORE, defendant, Hartford Fire Insurance Company, respectfully requests that the Motion of plaintiffs', Thomas and Sandra Hopkins to Enforce Judgment with Sanctions be denied.

Respectfully submitted,

HECKER BROWN SHERRY AND JOHNSON LLP


By: _____
      Timothy P. McCullough

137755-1

**CERTIFICATE OF SERVICE**

    I, Timothy P. McCullough, Esquire, hereby certify that a true and correct copy of the foregoing Defendant's Response to Plaintiffs' Motion to Enforce Judgment With Sanctions, has been served on the following counsel of record via first-class mail with postage pre-paid thereon on this 29th day of April, 2004.

Robert B. Ponziano, Esquire<br>
One Greenwood Square, Suite 140<br>
Bensalem, PA  19020

HECKER BROWN SHERRY AND JOHNSON

By: _____
    Timothy P. McCullough
    Attorney ID No. 83514
    Attorneys for Defendant
    1700 Two Logan Square
    18th and Arch Streets
    Philadelphia, PA  19103
    (215) 446-6230